UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GRANT-BLANDING,

                                    Petitioner,

-against-

SUPT. MILLER, GREEN HAVEN C.F.,

                                    Respondent.

22-CV-2293 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his April 4, 1990, conviction in the New York Supreme Court, New York County.[1] For the reasons discussed below, the Court denies the petition.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of*

---

[1] Petitioner paid the filing fee for this action.

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this action challenging his April 4, 1990, conviction, in which he pleaded guilty to robbery in the first degree, in violation of N.Y. Pen. L. § 160.15. He was adjudicated a second felony offender and sentenced to five to ten years' imprisonment. Petitioner asserts that he filed a notice of appeal but did not perfect the appeal.

On September 10, 2019, Petitioner filed a motion under N.Y. Crim. Proc. Law § 440.20(1) in the New York Supreme Court, New York County, in which he asserted that he was "improperly and erroneously adjudicated and sentenced as a second felony offender based upon an incorrect and invalid predicate felony statement." (ECF 1, at 3.) The New York Supreme Court denied the motion, and both New York Supreme Court, Appellate Division, First Department, and the New York Court of Appeals denied Petitioner leave to appeal. Petitioner asserts the same ground for relief in this petition.

Publicly available records maintained by the New York State Department of Corrections and Community Supervision (DOCCS) show that Petitioner currently is serving an 18-year to life sentence for attempted burglary in the first degree from another New York County conviction. DOCCS took custody of Petitioner on February 3, 2011, on that conviction.

## DISCUSSION

A.   **"In Custody" Requirement**

District courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted this provision as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed."). "[O]nce a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted).

Here, Petitioner has completely served his April 4, 1990, sentence, and is currently incarcerated for another conviction. Because Petitioner's April 4, 1990, sentence is expired and he is no longer in custody under that conviction, he cannot challenge the validity of that conviction in this proceeding. *See Maleng*, 490 U.S. at 492.

**B.   Statute of Limitations**

Even if Petitioner were in custody under the 1990 conviction, the petition would be time-barred. Petitioner had one year from the date his April 4, 1990, judgment became final to file this petition. *See* 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitation). His conviction became final approximately 30 days after judgment on the conviction was entered; that is, when his time to file a notice of appeal expired. *See* N.Y. Crim. Proc. L. § 460.10(1). He placed this petition in the prison mail collection box on March 9, 2022, almost 32 years after the judgment of conviction became final. The petition is therefore untimely.

Petitioner's assertion that the petition is timely, based on his filing a postconviction motion in September 2019 and the subsequent denials of leave to appeal, is without merit. Under the federal *habeas* statute, to toll the statute of limitations, any postconviction motion must be filed *before* the statute of limitations expires. *See* 28 U.S.C. § 2244(d)(2). Postconviction

motions filed after the limitations period expires do not restart the limitations period. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period. Thus, Petitioner's postconviction motion, which was filed after the statute of limitations expired, does not toll the limitations period, *see* 28 U.S.C. § 2244(d)(2), and the petition is time-barred.

C.      **Leave to File Declaration Denied**

Ordinarily, the Court would direct Petitioner to show cause why this petition should not be denied for the reasons set forth above. But because Petitioner cannot show cause, as he is no longer in custody under the challenged conviction and the time to challenge the conviction in this Court has long expired, the Court declines to direct Petitioner to file such a declaration, as it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011) (district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile).

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied because Petitioner is no longer in custody under the challenged conviction and the petition is time-barred.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
          New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge